### E. B. CALMES *v.* DUPLANTIER et al.

The possession of slaves under a contract of hire by the husband in his lifetime cannot be made the basis of a prescriptive title in the wife, who continued in possession of the slaves after her husband's death, and claimed to be the owner of them.

A purchaser who is aware of the defects of the title of his vendor cannot claim the benefit of the prescription of ten years.

APPEAL from the District Court of the Parish of East Baton Rouge. *U. B. & E. Phillips* and *J. W. Burgess*, for plaintiffs. *T. G. Morgan* and *H. M. Favrot*, for defendants and appellants.

COLE, J. This suit is instituted by plaintiffs for the recovery of certain slaves, of which they aver themselves to be the legal owners.

There was judgment for plaintiffs, and *Penniston*, one of the defendants, has appealed.

Plaintiffs allege, that these slaves were hired to *Fergus Duplantier* in August, 1839, and remained in his possession until his death, in July, 1844. That on the 17th of July, 1844, *Joséphine Duplantier*, widow and universal legatee of said *Fergus*, took possession of said slaves and his other property, assuming to pay all demands against the estate of her husband. That these slaves were held in bad faith both by her and her husband. That on the 3d of September, 1853, *Joséphine Duplantier* sold them to *Fergus Penniston*, in whose possession they now are.

*Joséphine Duplantier*, in her answer, does not pretend to set up any title to these negroes, but relies entirely on the alleged insufficiency of proof to maintain the title of plaintiffs.

*Penniston* sets up no title whatever, except that derived from *Joséphine Duplantier*. He pleads the prescription of ten years, but this plea is not urged in argument in this court, neither can it be sustained.

Prescription was interrupted by a suit brought by the present plaintiffs on the 8th December, 1845, against *Joséphine Duplantier*, widow and universal legatee of *Fergus Duplantier*, for the recovery of the same slaves mentioned in the petition in the present case. Answer was filed on the 12th October, 1846, and the suit was dismissed on the 4th of May, 1852, on motion of defendant's counsel. It is also established, that *Penniston* is nephew to *Joséphine Duplantier ;* that he has lived all his life with *Fergus* and *Joséphine Duplantier*, except when he was at school. Besides, *Mrs. Duplantier* could not change the nature of the tenure of her husband's possession of the slaves. She could not claim the benefit of prescription as a *bona fide* owner of the slaves; for her husband held them by the contract of hire, and not by title as proprietor.

Neither can *Penniston* succeed in the plea, for he must have been aware of the defects of title of his aunt and vendor.

The District Judge, in his opinion, has elaborately examined the questions of fact in this case, and considered that plaintiffs ought to recover the slaves. We can see no reason to dissent from his conclusion. The contest in this case is between defendants, who have no real title whatever, and plaintiffs, who have sufficiently established their title to recover from those evidently in wrongful possession of the slaves. *Miller* v. *McElwee*, 12 An. 478.

Judgment affirmed, with costs of appeal.

MERRICK, C. J. Having been applied to as counsel in this case, I decline taking part in it.